Formal Opinion No. 98-F7 Hon. James McGowan Commissioner Department of Labor Governor W. Averell Harriman State Office Building Campus Building 12 Albany, N Y 12240
Dear Commissioner McGowan:
Your counsel has requested an opinion regarding whether the investigation and enforcement of the payment of supplemental benefits to employees on public works projects to insure compliance with New York's prevailing wage law, where a portion of the benefits are provided through Employee Retirement Income Security Act (ERISA) employee benefit plans, is preempted by ERISA. 29 USCA §§ 1001, et seq.
He has raised concerns where employers take credit under the prevailing wage law for payment of some or all supplemental benefits into ERISA plans. He questions whether the Department is preempted from investigating if total supplements paid meet State requirements and from enforcing payment of any deficiencies. He has cited the following examples:
 (1) An employer may establish an ERISA plan for its workers who are employed on public works projects for part of the year, and on private projects for the remainder of the year. The employer will pay the required hourly amount of supplemental benefits into the plan for the time that the workers were actually employed on the public works project. However, the monies paid into the plan are then used to purchase benefits for the workers for the entire calendar year, even though they are not working on public works projects all year long.
 (2) An employer may pay into an ERISA plan on behalf of workers engaged in a public works project, but then purchase benefits for both the workers engaged in the public works project, as well as all other employees of the company.
You advised us that in the above circumstances the employer may not be complying with the supplemental benefit requirements of the prevailing wage law.
Under State law, the wages to be paid for a legal day's work to laborers, workmen or mechanics engaged in public works projects "shall be not less than the prevailing rate of wages." Labor Law § 220(3). The "prevailing rate of wage" is defined by law. Id., § 220(5)(a). Supplements must also be provided to laborers, workmen or mechanics in accordance with prevailing practices in the locality. Id., § 220(3). "Supplements" are defined as "all remuneration for employment paid in any medium other than cash, or reimbursement for expenses, or any payments which are not `wages' within the meaning of the law, including, but not limited to, health, welfare, non-occupational disability, retirement, vacation benefits, holiday pay, life insurance, and apprenticeship training." Id., § 220(5)(b). New York's prevailing wage law "was originally designed to insure that employees on public works projects were paid wages equivalent to the prevailing rate of similarly employed workers in the locality." Burgioand Campofelice, Inc. v. NYS Department of Labor, 107 F.3d 1000, 1003 (2d Cir 1997) [hereinafter Burgio].
Your counsel has informed us that employers making payments of supplemental benefits into employee benefit plans, including ERISA plans, are given credit for such payments under the prevailing wage law. An employer fulfills its obligations under the prevailing wage law when its total package of wages and supplements are equivalent to those in the locality.
ERISA preempts, with certain exceptions not relevant to this discussion, "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" covered by ERISA. 29 U.S.C.A § 1144(a). InBurgio, the United States Court of Appeals for the Second Circuit recently held that New York's prevailing wage law was not preempted by ERISA. Burgio, a general contractor, brought that action to enjoin the State from enforcing the State's prevailing wage law in relation to wage supplements that Burgio's subcontractor allegedly failed to pay its employees and to declare the prevailing wage law preempted by ERISA.Burgiorelied on the Second Circuit's decision in General Electric Co. v.New York State Department of Labor 891 F.2d 25 (2d Cir 1989), certdenied, 496 U.S. 912 (1990) [hereinafter GE I]. At the time of GE I, however, the State enforced the prevailing wage law using a "line-item" approach whereby the Commissioner of Labor prescribed prevailing benefit levels for each individual type of wage supplement. Burgio, at 1004. The employer was not permitted to substitute one form of supplement for another. Id.
In Burgio, the State Department of Labor distinguished GEI by explaining that it had abandoned its "line-item" approach and adopted what it referred to as a "total package" policy. Id. The State asserted that under the prevailing wage law "an employer may provide supplemental benefits in any form or combination so long as the sum total is not less than the locally prevailing benefits." Id., at 1009. Therefore, an employer's total liability would be the same whether it "bargained to provide benefits exclusively through ERISA plans, exclusively through non-ERISA plans, through additional cash wages, or through some combination of the three." Id. This practice is consistent with ERISA, which does not mandate that employers provide any particular level of benefits. Id., at 1007. Under ERISA, private parties, not the government, control the level of benefits. Id.
Thus, under the prevailing wage law, compliance is determined by examining an employer's total payment of supplemental benefits, the so-called "total package" approach. The payment of benefits into an ERISA plan is strictly an employer option and is considered in determining whether the total supplemental benefits provided comply with prevailing practices in the locality. In Burgio, the court applied the test developed in GEI and determined that New York's prevailing wage law did not regulate, directly or indirectly, the terms and conditions of ERISA employee benefit plans because it did not prescribe the type and amount of an employer's contributions to such plans, the rules and regulations under which such plans would operate, or the nature and amount of the benefits provided under such plans. Id., at 1008. The court found that the prevailing wage law affects ERISA plans in "too tenuous, remote or peripheral" a manner to warrant preemption. Id., at 1009.
Also at issue in Burgiowas whether the investigation of compliance with New York's prevailing wage law and any necessary enforcement actions were preempted by ERISA. Under GE I, a second basis for preemption was that State law enforcement personnel created what amounted to an "alternative enforcement mechanism" for ERISA plan obligations. Burgio, at 1009. InBurgio, the court cited prior United States Supreme Court cases which reasoned that Congress did not intend to authorize remedies that were not incorporated in ERISA. Burgio, at 1010. The court in Burgio, upon examining the State's revised enforcement policy, determined that Burgio's obligation did not arise under ERISA or a collective bargaining agreement providing for ERISA benefits, but directly under section 223
of the Labor Law. Id. The underpayments of supplements were not owed to the ERISA plan to which the subcontractor failed to pay contributions, but to individual workers. Id. The State Department of Labor, not the ERISA plan, was to collect the funds due and disburse them to the workers. Id. Under those facts, the court in Burgiofound that the State's enforcement action would not fall A`within the scope of' ERISA's civil enforcement mechanism." Id. The court remanded the case to the District Court for factual determinations consistent with its opinion. Id.
Thus, a factual investigation of an ERISA plan by the Department of Labor, to determine whether money paid into the plan as a credit toward the employer's obligation to pay prevailing supplements is being diluted, is not preempted by ERISA. If the Department determines that an employer is not meeting its obligation to pay prevailing supplements, the Department may take enforcement action requiring that the employer increase its "total package" of supplements. However, the Department may not require specific changes in the employer's ERISA plans.
We conclude that the investigation and enforcement of compliance with the New York prevailing wage law is not preempted by ERISA provided the standards enunciated by the United States Court of Appeals in Burgio andCampofelice, Inc. v. New York State Department of Labor are met.
Very truly yours,
DENNIS C. VACCO
Attorney General